BIGELOW *versus* THE YORK & CUMBERLAND RAIL ROAD CO.
JONES & al. *versus*          SAME.

A Rail Road Corporation, in making a disclosure by their agent under a trustee process, is not concluded by the entries upon their books.

Although a balance appears to be in favor of the principal defendant, if the agent discloses, that it arose from mistake or fraud in the amount of credit reported, and no facts are disclosed showing there was no such error, the corporation is not chargeable as trustee.

Whether a Rail Road Corporation, who have contracted to issue stock certificates to the principal defendant, is chargeable as a trustee; *quere.*

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J. presiding.

SCIRE FACIAS against the defendants, as trustees of one I. G. Myers.

A disclosure was made *in this suit*, by the treasurer of the defendants, that at the time of the service of the writs

in the original suits, the company had no goods, effects or credits of the principal in their hands or possession.

It appeared by the disclosures, that the principal was a contractor to build a rail road for the defendants and to be paid monthly for his work, on the estimates of the engineer for his work done for the company. The estimates, were made up to, and including the last day of each month, and the amount payable on the tenth day of the next month, a part in cash, part in bonds and the balance in the capital stock of the company.

At the time of the service of the original writs, Feb. 3, 1851, the books showed a large balance due the principal on the following tenth day of that month, but the treasurer disclosed, that such balance was found by errors in the credits of said principal, and that subsequently the accounts were corrected and nothing was due him at that time. The account was open and running, and subsequently a large amount of bonds and stock was delivered to him.

*Poor & Adams*, for the plaintiff.

*J. Pierce, jr.*, for the trustees.

SHEPLEY, C. J. — These cases are presented on a disclosure made by the treasurer of the company upon a writ of *scire facias*.

It will not be necessary to decide, whether the company might be chargeable by reason of a contract made with the principal to issue stock certificates, stating him to be the holder of a certain number of shares. It may not be improper to observe, that such certificates are rather evidence of property, than property *per se*.

Assuming that the facts are correctly stated in the disclosure, there does not appear to have been any thing due from the company to the principal at the time of service of the original process.

There would appear to have been a balance on account due to him at that time, if the accounts upon the company books be regarded as correctly made and conclusive upon it. But

the company, by its agent, states in substance, that they have been found to be incorrect. That over estimates of work performed had been presented, and credits given on the books for it as performed, and that upon a correction of such credits and a just settlement of all concerns to that time, there would be a balance due from and not to him.

Those previous credits and accounts were not necessarily conclusive upon the company. They were liable to correction upon proof of error or fraud. The Court cannot ascertain from any facts disclosed, that there was no such error as is alleged, or that the proof of it may not be entirely satisfactory. It must assume, that the statement of it as made will prove to be correct, until there be some proof to the contrary.

*Exceptions overruled.*

TENNEY, WELLS and HATHAWAY, J. J., concurred.